Albert L. McKinzie et al. *v.* Robert McCrory et al.

[40 South. Rep., 483.]

Chancery Practice.          *Injunction.     Motion to dissolve.     Conflicting evidence.*

A preliminary motion to dissolve an injunction should be denied and passed until the case can be heard on the merits if the evidence adduced be conflicting and irremedial injury might follow a dissolution.

From the chancery court of Scott county.

Hon. James L. McCaskill, Chancellor.

McCrory and wife, appellees, were complainants in the court below; McKinzie and wife, appellants, were defendants there.

From a decree overruling a preliminary motion to dissolve an injunction, the defendants appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Robert L. Bullard,* for appellants.

Equity will never interfere in apprehended trespasses except in extreme cases where the injury would be irreparable and the title to the land is unquestioned. This is the well settled rule. *Nevitt* v. *Gillaspie,* 1 How. (Miss.), 108; *Skipwith* v. *Dodds,* 24 Miss., 487; *Eskridge* v. *Eskridge,* 51 Miss., 522; *Coleman* v. *Hudspeth,* 49 Miss., 562; 2 High on Injunctions, sec. 1513. There is only this exception, that where an appropriate action is pending to try the title, equity may restrain a trespass that will result in irreparable injury pending the trial of the title to preserve the property pending the litigation. *Woods* v. *Riley,* 72 Miss., 73 (s.c., 18 South. Rep., 384); *Alcorn* v. *Alcorn,* 76 Miss., 907 (s.c., 25 South. Rep., 877); *Gulfcoast Co.* v. *Bowers,* 80 Miss., 571 (s.c., 32 South. Rep., 113).

There is no action here to try the title. The alleged apprehended injury is trifling, and the respondents are solvent.

But the land is clearly shown to belong to McKenzie, and he was rightfully in possession of it.

*Kirkland & Singleton,* for appellees.

In the brief of counsel for appellants the rule is announced, "Equity will not interfere in apprehended trespasses, except in extreme cases where the injury would be irreparable, and the title to the land in question unquestioned." He says this is the settled rule and that there should be pending in a court of law a suit to try the title if it is denied.

This may have been, but is not now, the rule, since equity jurisdiction has been enlarged even to the extent of trying title to land, decreeing possession, etc. Constitution 1890, sec. 160; § 500, Code 1892, and annotations. If a court of equity first

acquires jurisdiction it may proceed to final and complete relief, though the title and rights involved are of a legal as distinguished from an equitable character.    *Woods* v. *Riley,* 72 Miss., 77 (s.c., 18 South. Rep., 384).

Even if this court reaches the conclusion the case ought, but for the constitution to be reversed on account of jurisdiction, sec. 147 thereof directs it to be affirmed.

Calhoon, J., delivered the opinion of the court.

Appellees obtained an injunction restraining appellants from trespassing on land, cutting valuable shade trees, moving fences and obstructing a right of way.    The court below refused to dissolve the injunction on motion, with affidavits on each side. The affidavits are in sharp conflict.    A grave question of right and title appears here, important damage not remediable might ensue on dissolution, and we think the court properly held the injunction. until full investigation on evidence in regular course.    *Alcorn* v. *Sadler,* 66 Miss., 221 (5 South. Rep., 694).

*Affirmed and remanded.*